GASKINS, J.,
dissenting.
I respectfully dissent from the majority’s opinion. The majority finds that a provision in the insurance policy provides coverage to one vehicle, but not to the added vehicle, when a premium payment was made for the one vehicle, but the new total for both was not made.
The policy provisions pertinent to this issue are found in the part titled “conditions.”
1. Policy Period, Territory
.... If such premium is not paid when due the policy shall terminate as of that date and such date shall be the end of the policy period....
2. Premium.
.... If the named insured acquires ownership of an additional private passenger, ... he shall inform the Company in writing within 30 days following the date of its delivery of his election to make this policy applicable to such owned automobile. Any premium adjustment necessary shall be made as of the date of such change or acquisition in accordance with the manuals in use by the Company....
[[Image here]]
4. Two or More Automobiles-Parts I, III, and IV. When two or more automobiles are insured hereunder, the terms of this policy shall apply separately to each....
[[Image here]]
In the policy, the Parts specified in paragraph 4 above, are given the following headings:
Part I — Liability
Part III — Expenses For Medical Services
Part IV — Physical Damage
The policy can only be reasonably read that the terms of the policy apply separately to each automobile when addressing liability, medical services, and physical damages. This contested provision in paragraph 4 does not apply to the payment of premiums.
When Mr. Metz added the new vehicle, the amount of his premium payment changed. The new premium was due, and when unpaid, the policy was cancelled — all as outlined in the policy.
Not only does the language of the policy not allow a parsing of premium coverage, but it is logically untenable. While in this situation one can see that Metz had made a payment on his first vehicle, then did not pay for the added vehicle, still the insurance company should not be held to figure out the meaning of a partial payment. For instance, if Mr. Metz had liability and uninsured motorist on a vehicle, then added another without paying any extra premiums, should the insurance company decide the coverage was for the first vehicle only? The insured might desire, if the second car was in the accident, that the partial premium was applied to liability on both but not for the premium amount for *7 uninsured motorist. Or in the situation before us, had the added car been in the accident, could it be argued that the premium should have covered both vehicles every day until the premium money ran out? While I am sympathetic to Mr. Metz, and to Ms. Pittman, the insurance company cannot be held to know what coverage a partial payment should apply.
Much has been made about the premium not being refunded after the policy was terminated, raising the question as to whether the insurer was applying those premium amounts to some sort of coverage. La. R.S. 22:887(D)(1) provides that any unearned premium must be paid as soon as practical following the cancellation. The policy was cancelled on May 3, 2009, and the accident occurred on May 5, 2009. Soon thereafter, Mr. Metz paid to reinstate his policy. Based on the law and jurisprudence, and looking at the close amount of time between the cancellation by the insurer and the time Mr. Metz reinstated his insurance, the law affords no benefit to Mr. Metz for failing to refund his unearned premiums before he reinstated his insurance.
I would reverse, and find that Mr. Metz’ insurance had lawfully been cancelled on the date of the accident.
APPLICATION FOR REHEARING
Rehearing granted.
STEWART and MOORE, JJ., would deny rehearing.